J-S02042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM H. LEAK | |
| Appellant | No. 411 EDA 2015 |

Appeal from the PCRA Order Entered January 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0801371-2006

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.                    **FILED June 16, 2016**

Appellant, William Leak, appeals from the January 23, 2015 order of the Court of Common Pleas of Philadelphia County (the "PCRA court") dismissing his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

Following a jury trial on June 27, 2008, Appellant was found guilty of rape, involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, unlawful restraint, and possession of an instrument of crime.[1, 2]  Following a Megan's Law hearing, Appellant was found to be a

---

[1] Respectively, 18 Pa.C.S.A. §§ 3121, 3123(a), 2702(a)(4), 3125, 2902, 907(b).

[2] Unless otherwise specified, these facts come from the PCRA court's March 27, 2015 Pa.R.A.P. 1925(a) opinion.

sexually violent predator. Appellant was sentenced to an aggregate ten to twenty years of incarceration to be followed by thirty years of probation. Appellant filed a post-sentence motion which the trial court denied without a hearing. Appellant appealed to this Court. This Court remanded to the trial court to determine whether the videotaped deposition of the Complainant, Quianna Martin, took place in accordance with Pa.R.Crim.P. 500. **Commonwealth v. Leak**, 22 A.3d 1036, 1039 (Pa. Super. 2011). After hearing, the trial court determined that the requirements of Rule 500 had been satisfied. This Court affirmed the trial court's determination, rejecting Appellant's arguments as either meritless or waived. **Id.** at 1050.

On March 16, 2012, trial counsel filed a PCRA petition. Appellant then filed a *pro se* PCRA petition on August 28, 2012, alleging trial counsel's ineffectiveness. New counsel was appointed and filed an amended PCRA petition. In counsel's amended petition, Appellant claimed:

> 1. Petitioner was denied due process of law by ineffective assistance of counsel during pre-trial proceedings.
>
> 2. Petitioner was denied due process by counsel's failure to ensure fair process.
>
> 3. Petitioner was denied due process of law by ineffective assistance by counsel's failure to prepare.

Appellant's Amended PCRA Petition at 3. The Commonwealth filed a response on September 12, 2014. On December 18, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice. The PCRA court did not receive a response

from Appellant, and so it dismissed Appellant's petition. Appellant then filed the instant appeal.

In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant asserted that:

1. The [PCRA] court was in error in denying the defendant's PCRA [petition] without an evidentiary hearing.

2. The [PCRA] court was in error in denying the amended PCRA [petition] filed by PCRA counsel on February 6, 2014. The issues to be raised before the Superior Court in this appeal are fully set forth and developed in the amended PCRA [petition] filed by Appellant's counsel.

Appellant's Rule 1925(b) Statement. The PCRA court filed a Rule 1925(a) opinion dismissing all of Appellant's claims. Appellant now essentially raises the same issues as those stated in his Rule 1925(b) statement for our review.

"In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009).

In his first issue, Appellant alleges that the PCRA court erred by not granting an evidentiary hearing on his amended PCRA petition. Appellant argues that, while the right to an evidentiary hearing is not absolute, when the facts alleged in a PCRA petition would entitle an appellant to relief if

proven, the court may not dismiss the petition without an evidentiary hearing. Appellant's Brief at 15.

A PCRA court may dismiss a petition without a hearing when the petition does not present an issue of material fact, when the PCRA court believes the petitioner is not entitled to relief, and when a hearing would serve no legitimate purpose. Pa.R.Crim.P. 907(1). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Sneed*, 45 A.3d 1096, 1105-06 (Pa. 2012).

Appellant does not indicate what genuine issue of fact, if proven, would entitle him to relief. Rather, he asserts only the general allegation that "the claims of ineffectiveness raised in Appellant's amended PCRA petition are meritorious" and contends "the PCRA [c]ourt should have granted an evidentiary hearing to provide the forum to demonstrate such manifest injustice." Appellant's Brief at 15-16. Appellant fails to point out any issue of material fact, and we cannot construct Appellant's argument for him. Accordingly, Appellant is not entitled to relief on his first issue.

Appellant's second issue is that the PCRA court erred in not granting relief on his claim that trial counsel was ineffective. To establish an ineffective assistance of counsel (IAC) claim, a PCRA petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked

- 4 -

a strategically reasonable basis for the act or omission; and (3) the petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. ***Commonwealth v. Harris***, 852 A.2d 1168, 1173 (Pa. 2004). Failure to prove any prong will defeat an ineffectiveness claim. ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779–80 (Pa. Super. 2015) (*en banc*), *appeal denie*d, 123 A.3d 331 (Pa. 2015).

Appellant argues that trial counsel was ineffective for four reasons: (1) counsel failed to properly litigate Appellant's claims pursuant to Pa.R.Crim.P. 600, (2) counsel failed to properly litigate Appellant's claims pursuant to the Interstate Agreement on Detainers Act (IAD), (3) counsel failed to object to the Commonwealth's improper use of videotaped testimony pursuant to Pa.R.E. 501, and (4) counsel failed to adequately prepare to represent Appellant. Appellant's Brief at 19, 22, 24. All four of these claims fail at least one prong of the IAC test.

On his first claim, that trial counsel was ineffective for failing to litigate properly Appellant's claims pursuant to Pa.R.Crim.P. 600, Appellant argues that trial counsel failed to object to the trial court's granting of numerous continuances on behalf of the complaining witness, and that trial counsel failed to check with local medical facilities or hospitals to determine whether the Complainant, Ms. Martin, was actually seriously ill and unable to testify. Appellant's Brief at 19.

While Appellant couches these arguments as an IAC claim, the underlying issue is substantively the same as that which Appellant previously

raised before this Court. ***See Leak***, 22 A.3d at 1039-50.  Therein this Court held:

> Leak next argues that the trial court erred in denying Leak's motion to dismiss pursuant to Pa.R.Crim.P. 600(G).  Rule 600 provides that, where a defendant is at liberty on bail, trial must commence within 365 days of the date of the criminal complaint.   Pa.R.Crim.P.  600(A)(3).   Rule 600(G) provides as follows:
>
> > (G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated.  A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.
> >
> > If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain.  If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial.  If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.
>
> Pa.R.Crim.P. 600(G).
>
>  . . . .
>
> The record in the instant matter reflects that the preliminary hearing for the Commonwealth's first complaint was continued six times.  One of the six continuances was requested by the defense.   N.T. 4/30/07, at 8.   Four others were

necessitated because Martin, the complaining witness, was believed to be terminally ill with AIDS and could not attend. ***Id.*** at 5–6. Another was continued because Martin returned to her native Georgia to live with her parents and was incarcerated there on a probation violation. ***Id.*** at 6; N.T., 6/23/08, at 8.5 The district attorney from Chatham County Georgia informed Commonwealth authorities in late January of 2006 that Georgia authorities were in the process of determining what sentence Martin would receive for violating her probation, and that Martin could not readily be made available for transfer back to Pennsylvania. N.T., 6/23/08, at 8–9. The Commonwealth withdrew its first complaint against Leak on February 14, 2006, because it was evident that Martin would not be transferred back to Pennsylvania prior to Leak's "must be tried" date. N.T., 4/30/07, at 6.

. . . .

In the instant matter, the record reflects that it was impossible for the Commonwealth to procure Martin's testimony prior to the withdrawal of the first complaint. The Rule 600 hearing records establish that Commonwealth was unable to procure Martin's transportation from a Georgia prison in time for Leak's must be tried date, and Leak did not dispute that Martin's illness prevented her from attending four preliminary hearings prior to her incarceration in Georgia. Under these circumstances, we conclude that the trial court acted within its discretion in finding that the withdrawal and re-filing of charges against Leak was not the result of misconduct or lack of due diligence on the part of the Commonwealth. Indeed, given Martin's grave health condition, the Commonwealth had every incentive to procure her testimony as soon as possible. Accordingly, the trial court did not err in rejecting Leak's assertion that the original criminal complaint was the triggering event for the Rule 600 period. Since Leak's Rule 600 argument is based entirely on that assertion, the argument fails.

***Commonwealth v. Leak***, 22 A.3d 1036, 1041-43 (Pa. Super. 2011). In its

Rule 1925(a) opinion, the PCRA court also noted that,

as a matter of equity, that this [c]ourt held two hearings prior to trial on unavailability. That this [c]ourt spoke to the complaining witness's doctor, whereupon this [c]ourt was told that the

complaining witness was bedridden and terminally ill. That this [c]ourt even attempted to set up a video hearing in Chatham County, Georgia, so that the Complainant who was very ill could testify, and she was not able to. She was bedridden and couldn't even be taken to the local courthouse.

PCRA Court Opinion, 3/27/15, at 7 (citation omitted). As this Court's disposition of Appellant's Rule 600 claim in **Leak** and the PCRA court's explanation of Complainant's circumstances clearly establishes, Appellant's instant Rule 600 argument is meritless. Therefore, Appellant's first IAC claim fails.

Appellant's second IAC allegation, that trial counsel failed to properly litigate his IAD claim, also fails. Appellant does not indicate how this argument is of arguable merit as applied to the facts of his case, what action or inaction of trial counsel resulted in counsel's failure to properly litigate this claim, or how prejudice, if any, would have affected the outcome of his proceedings. If Appellant is alluding to this Court's disposition of his IAD claim in **Leak** to support this second IAC allegation, Appellant's claim again fails.[3] While Appellant generally discusses the structure of the IAD, as

_____

[3] Regarding Appellant's IAD claim in **Leak**, we held as follows.

Leak also asserts an argument pursuant to Article III of the IAD. "Article III of the IAD allows a prisoner against whom a detainer has been lodged to request that he or she be transferred to the jurisdiction that filed the detainer and be brought to trial within 180 days of his or her request." **Id.** (citing 42 Pa.C.S.A. § 9101, Article III). Leak, however, failed to include this argument in his Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Leak's concise statement addresses his Article IV argument in detail, but makes no mention of an argument under

*(Footnote Continued Next Page)*

- 8 -

stated above, he completely fails to articulate how the facts in his case, as applied under that statute, demonstrate how trial counsel's ineffectiveness affected the result of his proceeding. Appellant fails to satisfy any of the three prongs of the IAC test. Appellant's second IAC claim fails.

Appellant's third IAC claim is that trial counsel failed to object to the Commonwealth's improper use of videotaped testimony pursuant to Pa.R.Crim.P. 501. Appellant's Brief at 22. Appellant argues that, because trial counsel failed "to properly prepare and verse himself in the rules of criminal procedure," he failed to ensure a fair process as "the Commonwealth made use of a videotape to preserve the complaining witness's testimony." Appellant's Brief at 20-21. Appellant alleges that trial counsel failed to properly object under Rules 500 and 501 even though trial counsel was "aware through the Appellant's assertions that the complaining witness was actually living in Philadelphia and not so seriously ill that she was prevented from testifying."[4] Appellant's Brief at 21. Further, Appellant argues that, "[b]y trial counsel's own admission, he was not prepared to

*(Footnote Continued)* ————————————

Article III. As a result, Leak has waived his Article III argument. Pa.R.A.P. 1925(b)(4)(vii).

*Leak*, 22 A.3d at 1040-41.

[4] As this Court concluded in *Leak*, "the instant record makes abundantly clear that [Complainant] was terminally ill with AIDS at the time of the preliminary hearing, and that she passed away prior to [Appellant]'s trial." *Leak*, 22 A.3d at 1047. We explain this more fully below.

cross-examine the complaining witness," and that trial counsel's ineffectiveness denied Appellant the opportunity to adequately cross-examine the complaining witness. Appellant's Brief at 21, 22 (citation omitted).

Contrary to Appellant's assertion, the record reveals that trial counsel did object to the videotape at the preliminary hearing. *See* N.T. Preliminary Hearing, 8/6/08, at 5 ("We will object to a videotape."). Additionally, Appellant's implication that trial counsel did not adequately cross-examine Complainant because he did not prepare for the hearing is incorrect. Rather, the portion of the record that Appellant cites reveals that trial counsel was concerned that he would not have a "full and fair opportunity to cross-examine" Complainant under the circumstances stating, "[n]one of us are able to conduct cross-examinations [at] preliminary hearings that would be to the extent that we will at trial." Preliminary Hearing, 8/6/08, at 7. In *Leak*, this Court thoroughly addressed the issue underlying Appellant's IAC claim regarding the admission of Complainant's videotaped testimony. *See Leak*, 22 A.3d at 1043-49. Briefly, this Court held the following.

> We next consider Leak's argument that the trial court erred in admitting into evidence the video of [Complainant]'s preliminary hearing testimony. In light of [Complainant]'s terminal illness, the Commonwealth sought to preserve her testimony by videotape so that it could be used at trial if [Complainant] was unavailable. Rule 500 of the Pennsylvania Rules of Criminal Procedure, which we will address in more detail below, permits videotaped preservation of a witness' testimony in certain circumstances.

- 10 -

. . . .

> Since Leak was afforded a full and fair opportunity to cross examine [Complainant], and since the Commonwealth's technical noncompliance with Rule 500 did not result in any prejudice, we conclude that a miscarriage of justice would result from excluding [Complainant]'s testimony, not from its admission. The trial court did not abuse its discretion in admitting [Complainant]'s videotaped testimony into evidence at trial. Leak's Rule 500 argument fails.

*Leak*, 22 A.3d at 1043-49. Accordingly, Appellant's third IAC claim is without merit. 42 Pa.C.S.A. § 9543(a)(3).

Appellant's fourth and final IAC claim is that trial counsel failed to adequately prepare to represent Appellant. Appellant's Brief at 24. Appellant argues that trial counsel failed to investigate the procedure employed by the arresting officers, claiming this would have led to "valuable impeachment evidence." Appellant's Brief at 23. Appellant argues that trial counsel failed to investigate the whereabouts of the Complainant throughout the pre-trial proceedings and to verify that she was seriously ill and unable to testify. Appellant's Brief at 23. Appellant also alleges that trial counsel should have employed an expert witness. Appellant's Brief at 24.

As the PCRA court notes, Appellant fails to specify how investigation into the procedures employed by the arresting officers would have produced exculpatory evidence,

> particularly in light of the evidence that the police came onto the scene to see [Appellant] holding a knife to the [Complainant]. The [Complainant]'s blood was found on [Appellant]'s shirt. [Appellant]'s DNA, which was recovered from sperm on the [Complainant]'s shirt, was retested at [Appellant]'s request and

again confirmed it was [Appellant]'s DNA. The evidence against this [Appellant] was overwhelming.

PCRA Court Opinion, 3/27/15, at 6-7. Appellant also fails to specify how trial counsel investigating the whereabouts of Complainant would have produced exculpatory evidence given that "the instant record makes abundantly clear that [Complainant] was terminally ill with AIDS at the time of the preliminary hearing, and that she passed away prior to [Appellant]'s trial." **Leak**, 22 A.3d at 1047, n. 10; **see also** PCRA Court Opinion, 3/27/15, at 7. As such, these arguments are meritless. Additionally, Appellant presents no argument as to what sort of expert was necessary for his defense or how he suffered prejudice as a result of trial counsel's failure to hire an expert. Accordingly, Appellant cannot establish any of the three IAC prongs. Appellant's fourth IAC claim fails.

As Appellant is not entitled to relief on any of his issues, we affirm the January 23, 2015 order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2016